NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

APPLIED UNDERWRITERS CAPTIVE
RISK ASSURANCE COMPANY, INC., an
Iowa corporation,

Petitioner-Appellant,

v.

BARKER MANAGEMENT, INC., a
California corporation,

Respondent-Appellee.

No.   17-56856

D.C. No.
8:17-cv-01529-JVS-DFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted September 10, 2019**
Pasadena, California

Before:  RAWLINSON, IKUTA, and BADE, Circuit Judges.

Appellant Applied Underwriters Captive Risk Assurance Company, Inc.

("AUCRA") appeals from the district court's order denying its motion to vacate an

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

arbitration award, granting Appellee Barker Management, Inc.'s ("Barker") motion to enforce the award, and confirming the award. AUCRA argues that the arbitrator manifestly disregarded the law by basing the award on its violation of California Insurance Code ("CIC") § 11658, which AUCRA asserts does not provide a private cause of action to enforce its provisions. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D) and affirm.

"We 'review the confirmation or vacation of an arbitration award like any other district court decision . . . accepting findings of fact that are not clearly erroneous but deciding questions of law de novo.'" *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (quoting *Barnes v. Logan*, 122 F.3d 820, 821 (9th Cir. 1997)). AUCRA has not established that any of the district court's factual findings are clearly erroneous, nor has it established that the district court erred with respect to a question of law.

The district court correctly concluded that the arbitrator did not exceed his powers. *See* 9 U.S.C. § 10(a)(4). There is no evidence in the record that the arbitrator manifestly disregarded the law. *See Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009). Specifically, the record does not establish that the arbitrator understood and correctly stated the law, but intentionally disregarded it. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007). The arbitrator's sole reference to AUCRA's private cause of action argument is that he "considered

2

and also reject[ed]" the argument. This, without more, is not enough to establish an intentional disregard of the law. *See Bosack*, 586 F.3d at 1104 (observing that "it is all but impossible to determine whether [an arbitrator] acted with manifest disregard for the law" if he issues an award "without explanation of [his] reasons" (citation and internal quotation marks omitted)).

Additionally, the law that ACURA argues the arbitrator disregarded was not "well defined, explicit, and clearly applicable" at the time of the award. *See Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004) (citation and internal quotation marks omitted). AUCRA failed to cite any appellate decision, issued prior to the award, holding that a private cause of action does not exist under CIC § 11658, and the statute's legislative history does not expressly foreclose a private cause of action. At most, the arbitrator erred in his interpretation of the law, which is not enough to require vacatur of the award. *See Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010).

We need not decide whether a private cause of action currently exists under CIC § 11658 because our inquiry is limited to whether the arbitrator violated well-defined, explicit, and clearly applicable law at the time of the award. And, at that time, the lack of a private cause of action under CIC § 11658 was not a well-defined, explicit, and clearly applicable law.

Accordingly, the district court properly denied AUCRA's motion to vacate the arbitration award, granted Barker's motion to enforce the award, and confirmed the award.

**AFFIRMED**.